UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave., Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET 725 17th St., NW Washington, DC 20503<br><br>*Defendant.* | CIVIL ACTION NO. 26-cv-302<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Office of Management and Budget ("OMB") to disclose records that PEER requested pursuant to FOIA nearly a year ago.

2. On February 13, 2025, PEER submitted a FOIA request for information concerning the removal of webpages regarding the Information Quality Act from the White House website. To date, Defendant has failed to make a timely final determination on whether to comply with PEER's FOIA request and has failed to disclose any requested records.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

5. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

6. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

7. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, and Massachusetts.

8. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including public lands and natural resource management, the regulation and remediation of toxic substances, public funding of environmental and natural resource agencies, and government accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEEReview newsletter.

9. Defendant OMB is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

10. OMB is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The failure of OMB to provide PEER with the

records requested and its failure to make a final determination on PEER's FOIA request within twenty working days are violations of FOIA.

## STATEMENT OF FACTS

11. On February 13, 2025, PEER submitted a FOIA request to OMB seeking the following:

    a. All documents and communications including the terms "Information Quality Act" and/or "IQA" generated between January 19, 2024 and February 13, 2025. These should include internal comments, emails, messaging on any chat devices, notes, meeting minutes, memoranda, reports, and any other communications containing these search terms;

    b. All documents and communications containing, referencing, regarding, or otherwise arising out of the removal of materials related to the Information Quality Act from OMB web pages.

12. On February 13, 2025, OMB sent an email to PEER acknowledging receipt of the request and assigning the request tracking number 2025-741.

13. On August 14, 2025, PEER sent an email to OMB requesting a status update on the request, stating that since OMB's February 13, 2025 acknowledgement of receipt, PEER had not received any records or other communications from OMB's FOIA office.

14. On August 14, 2025, OMB sent an email to PEER stating that the request was still awaiting processing, and that there were 1,500 FOIA requests ahead of PEER's in OMB's backlog queue.

15. PEER emailed OMB on the following dates requesting a status update, and received no response: November 17, 2025 (email); November 21, 2025 (email); December 2, 2025 (email). PEER also called the OMB's FOIA number in November and December 2025, including leaving a voicemail message to which OMB did not respond.

16. On January 5, 2026, nearly eleven months after OMB received the request, PEER sent an email to OMB checking in on the request and unanswered email communications and phone calls. PEER also let OMB know that it was considering filing a lawsuit.

17. On January 12, 2026, OMB emailed PEER acknowledging that OMB's last communication with PEER was on August 14, 2025. OMB also stated that a search had been completed in response to the FOIA request, but a processor had not yet been assigned to review the search results.

18. To date, PEER has not received a final determination, production schedule, or any production related to this request.

## CAUSE OF ACTION

19. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

20. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

21. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

22. Twenty working days from PEER's request was March 14, 2025.

23. At no time has OMB claimed that "unusual circumstances" warrant the ten working day extension available under 5 U.S.C. § 552(a)(6)(B)(i). Regardless, an extension of ten working days on the request would have been March 28, 2025.

24. As of the date of this filing, PEER has not received a final determination on its FOIA request and OMB has not made all relevant records "promptly available." OMB's response to the FOIA request described above is nearly eleven months overdue for a determination and "prompt" release of the relevant records.

25. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for the FOIA request described in this complaint, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

26. Defendant's conduct amounts to a denial of PEER's FOIA request. OMB is frustrating PEER's efforts to adequately understand why the White House suddenly removed existing web pages referencing the Information Quality Act, and whether OMB is adhering to its obligations under the law.

27. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) and now seeks an order from this Court requiring OMB to immediately make a determination and produce the records sought in PEER's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

28. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on February 3, 2026,

*/s/ Laura Dumais*
Laura Dumais, DC Bar #1024007
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
202.792.1277
laura.dumais@peer.org

*Attorney for Plaintiff*